S:\Files\5943_Cipriani\LEGAL-DISCOVERY\5943_Complaint.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GIORDANO CIPRIANI,

           Plaintiff,

    - v. -

KENDRICK LAMAR DUCKWORTH a/k/a
KENDRICK LAMAR, and TOPDAWG
ENTERTAINMENT INC. d/b/a TOP DAWG
ENTERTAINMENT, and INTERSCOPE RECORDS,
and AFTERMATH RECORDS d/b/a AFTERMATH
ENTERTAINMENT,

           Defendants.

15 Civ.    (    )

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Giordano Cipriani ("Cipriani"), by and through his attorneys, Kennedy Lillis Schmidt & English, alleges upon information and belief as follows:

## INTRODUCTION

1. This is an action for copyright infringement and related claims brought by Cipriani, the sole author, owner, and exclusive holder of copyrights in a photograph titled "Twins" ("Photograph"), arising from Defendants' unauthorized use of the Photograph in conjunction with the online video release and commercial promotion of a music recording titled "The Blacker the Berry."

## THE PARTIES

2. Cipriani was and is an Italian citizen domiciled in New York, currently residing at 50 East 18th Street, Brooklyn, New York, 11226.

3. Cipriani was and is a freelance photographer and is the sole author of, and sole legal and beneficial owner of copyright interest in, the Photograph.

1

4. Kendrick Lamar Duckworth a/k/a Kendrick Lamar ("Lamar") was and is a professional music recording artist residing in California.

5. Lamar was and is signed to Defendant record label TopDawg Entertainment Inc. d/b/a Top Dawg Enterainment ("Top Dawg").

6. Top Dawg was and is a California corporation with its principle place of business at 827 East Sandpoint Court, Carson, California, 90746. Top Dawg's status is listed as "FTB Suspended" on the California Secretary of State website.

7. Top Dawg was and is a record label engaged in the business of, *inter alia*, scouting and developing recording artists, and producing, advertising, promoting, marketing, distributing, and selling music recordings.

8. Interscope Records ("Interscope") was and is a California general partnership with its principle place of business at 2220 Colorado Avenue, Santa Monica, California, 90404.

9. Interscope was and is a record label engaged in the business of, *inter alia*, scouting and developing recording artists, and producing, advertising, promoting, marketing, distributing, and selling music recordings.

10. Aftermath Records d/b/a Aftermath Entertainment ("Aftermath") was and is a California general partnership with its principle place of business at 2220 Colorado Avenue, 5th Floor, Santa Monica, California, 90404.

11. Aftermath was and is a record label engaged in the business of, *inter alia*, scouting and developing recording artists, and producing, advertising, promoting, marketing, distributing, and selling music recordings.

12. Aftermath was and is a subsidiary of Interscope.

13. Around March 2012, Top Dawg and Aftermath entered a joint venture to engage in the business of, *inter alia*, scouting and developing recording artists, and producing, advertising, promoting, marketing, distributing, and selling music recordings.

14. Defendants conduct substantial business in New York, including advertising, promoting, marketing, distributing, and selling music recordings.

15. All Defendants derive substantial revenue from interstate and international commerce, including in New York, from both online and brick-and-mortar store sales of music recordings.

16. On 15 March 2015, Defendants jointly released Lamar's third studio album, "To Pimp a Butterfly," which included the single at issue in this matter, "The Blacker the Berry."

17. To date, "To Pimp a Butterfly" has sold over 592,000 copies nationally and internationally, including substantial sales in New York, creating substantial revenue for all Defendants.

## JURISDICTION AND VENUE

18. This case arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* ("Copyright Act"). This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. This Honorable Court additionally has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. § 1332(a)(2) because the matter in controversy is between an Italian citizen domiciled in New York and citizens of California and exceeds $75,000 exclusive of interest and costs.

20. This Honorable Court has supplemental jurisdiction over Cipriani's claims arising under state law pursuant to 28 U.S.C. § 1637(a).

21. As the Copyright Act does not provide for nationwide service of process, this Honorable Court applies New York's personal jurisdiction rules to determine if it has personal jurisdiction over Defendants, all of whom are non-domiciliaries. *See Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000).

22. This Honorable Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules ("CPLR") § 302(a)(3) because (1) Defendants committed acts outside New York that caused injury to Cipriani in New York, (2) Defendants should have reasonably expected their acts to have consequences in New York as they regularly and actively conduct business in New York, and (3) Defendants derive substantial revenue from interstate and international commerce.

23. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

24. Cipriani is an award-winning freelance photographer whose work has been featured in numerous national and international publications. Cipriani earns his living by, *inter alia*, licensing the rights to his photographs.

25. Cipriani took the subject Photograph in Ethiopia, Africa on 18 February 2011.

26. Cipriani was and is the sole owner of all exclusive rights in the Photograph.

27. Annexed hereto as Exhibit 1 is a true and correct copy of the Photograph.

28. Cipriani owns and operates the website www.giordanocipriani.com, where he posts samples of his work. Cipriani posted the Photograph on his website, available at http://www.giordanocipriani.com/personal-i-3/mursi-tribe (last visited 6 July 2015), wherein he provided notice of its copyright status via a caption reading "all images copyright © giordano cipriani. all rights reserved."

29. Cipriani filed an application for copyright registration of the Photograph with the United States Copyright Office on 15 June 2015 and is awaiting issuance of the registration.

30. The United States Copyright Office assigned Case No. 1-2408894841 to Cipriani's application for copyright registration of the Photograph.

31. Annexed hereto as Exhibit 2 is a true and correct copy of the application for copyright registration.

5

32. On 9 February 2015, Defendants jointly released "The Blacker the Berry," Lamar's second single from his album "To Pimp a Butterfly."

33. In conjunction with and to promote that release, Top Dawg posted a video of "The Blacker the Berry" on its official channel on the video-sharing website, YouTube, available at https://www.youtube.com/watch?v=6AhXSoKa8xw (last visited 6 July 2015) ("Infringing Video").

34. The Infringing Video features the Photograph for the duration of the 5 minute and 31 second video. To date, the Infringing Video has been viewed over ten million times.

35. Annexed hereto as Exhibit 3 is a true and correct copy of a computer screenshot of Top Dawg's post of the Infringing Video on its YouTube channel.

36. On 9 February 2015, Top Dawg also posted cover art for "The Blacker the Berry" that features the Photograph, as well as a link to the Infringing Video, on its own website, available at http://txdxe.com/newsite/2015/02/09/kendrick-lamar-the-blacker-the-berry/ (last visited 6 July 2015).

37. Annexed hereto as Exhibit 4 is a true and correct copy of a computer screenshot of Top Dawg's infringing posts on its own website.

38. On 16 February 2015, Lamar posted a link to the Infringing Video on his Facebook webpage to promote "The Blacker the Berry" and "To Pimp a Butterfly," which also features the Photograph, available at https://www.facebook.com/kendricklamar (last visited 6 July 2015).

39. Annexed hereto as <u>Exhibit 5</u> is a true and correct copy of a computer screenshot of Lamar's infringing 16 February 2016 Facebook post.

40. Lamar also features a link to the Infringing Video on his official YouTube channel, available at https://www.youtube.com/user/KendrickLamarVEVO (last visited 6 July 2015).

41. Annexed hereto as <u>Exhibit 6</u> is a true and correct copy of a computer screenshot of Lamar's link to the Infringing Video on his YouTube channel.

42. Interscope also features a link to the Infringing Video on its official YouTube channel, available at https://www.youtube.com/user/InterscopeGeffenAM (last visited 6 July 2015).

43. Annexed hereto as <u>Exhibit 7</u> is a true and correct copy of a computer screen shot of Interscope's link to the Infringing Video on its YouTube channel.

44. In sum, Defendants' infringing uses of the Photograph include (but are not limited to) (1) Top Dawg's post of the Infringing Video on its YouTube channel, (2) Top Dawg's post of cover art and a link to the Infringing Video on its own website, (3) Lamar's link to the Infringing Video on his Facebook webpage, (4) Lamar's link to the Infringing Video on his YouTube channel, and (5) Interscope's link to the Infringing Video on its YouTube Channel.

45. As active participants in the marketing and promotion of "The Blacker the Berry" and "To Pimp a Butterfly," Defendants knowingly induced, caused, and/or materially contributed to Top Dawg's, Interscope's, and Lamar's posts of and links to the Infringing Video on their respective websites, Facebook webpages, and YouTube channels.

46. Additionally, numerous music industry companies, such as XXL Magazine, Billboard Magazine, and MTV, have featured the Infringing Video or Photograph in online articles written about Lamar.

47. Defendants never sought nor did Cipriani ever grant any license, permission, or consent to reproduce, distribute, and/or publicly display the Photograph.

48. Defendants have not compensated Cipriani in any way for their use of the Photograph.

49. Defendants, by their willful, knowing, and/or reckless disregard for Cipriani's copyrights, injured Cipriani by engaging in the unauthorized, unlicensed, and uncompensated use of his creative work and, in so doing, deprived Cipriani of his right to control and be compensated for the use of his Photograph.

### FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

50. Paragraphs 1 through 49 are incorporated by reference as though fully set forth at length herein.

51. By their actions, Defendants have infringed Cipriani's copyright in the Photograph in violation of the Copyright Act of 1976, 17 U.S.C. §§ 106 and 501.

52. Defendants' acts of infringement were willful, knowing, and/or in reckless disregard to Cipriani's rights.

53. Cipriani is entitled to damages and Defendants' profits attributable to the infringement, as well as an accounting of those profits, in an amount to be determined at trial pursuant to 17 U.S.C. §§ 504(a) and (b).

54. Alternatively, Cipriani is entitled to the maximum statutory damages in the amount of $150,000 for each act of infringement pursuant to 17 U.S.C. § 504(c)(2).

55. Cipriani is also entitled to his attorneys' fees and full costs of this action pursuant to 17 U.S.C. § 505 and as otherwise afforded by law.

56. As a direct and proximate cause of Defendants' actions alleged herein, Cipriani has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Cipriani alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Cipriani's copyright in the Photograph. Accordingly, Cipriani is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION: CONTRIBUTORY COPYRIGHT INFRINGEMENT

57. Paragraphs 1 through 56 are incorporated by reference as though fully set forth at length herein.

58. By their actions, Defendants knowingly induced, caused, and/or materially contributed to the infringement of Cipriani's copyright in the Photograph in violation of the Copyright Act of 1976, 17 U.S.C. §§ 106 and 501.

59. Cipriani is entitled to damages and Defendants' profits attributable to the infringement, as well as an accounting of those profits, in an amount to be determined at trial pursuant to 17 U.S.C. §§ 504(a) and (b).

60. Alternatively, Cipriani is entitled to the maximum statutory damages in the amount of $150,000 for each act of infringement pursuant to 17 U.S.C. § 504(c)(2).

61. Cipriani is also entitled to his attorneys' fees and full costs of this action pursuant to 17 U.S.C. § 505 and as otherwise afforded by law.

62. As a direct and proximate cause of Defendants' actions alleged herein, Cipriani has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Cipriani alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Cipriani's copyright in the Photograph. Accordingly, Cipriani is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' continuing infringing conduct.

## THIRD CAUSE OF ACTION:
## CONVERSION

63. Paragraphs 1 through 62 are incorporated by reference as though fully set forth at length herein.

64. By their actions, Defendants willfully, recklessly, and/or grossly negligently assumed and exercised the unauthorized right of ownership over Cipriani's Photograph, to the exclusion of Cipriani's exclusive possessory rights.

65. As a direct and proximate result of Defendants' acts Cipriani has suffered damages and is entitled to recover his damages attributable to Defendants' unauthorized assumption and exercise of the right of ownership over Cipriani's Photograph in an amount to be determined at trial.

66. As a direct and proximate cause of Defendants' actions alleged herein, Cipriani has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Cipriani alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Cipriani's copyright in the Photo-

graph. Accordingly, Cipriani is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' continuing infringing conduct.

### FOURTH CAUSE OF ACTION:
### TRESPASS TO CHATTEL

67. Paragraphs 1 through 66 are incorporated by reference as though fully set forth at length herein.

68. By their actions, Defendants willfully, recklessly, and/or grossly negligently interfered with Cirpriani's use and enjoyment of the Photograph, to which Cipriani has sole possessory rights.

69. As a direct and proximate result of Defendants' acts Cipriani has suffered damages is entitled to recover his damages attributable to Defendants' interference with his possessory rights in the Photograph in an amount to be determined at trial.

70. As a direct and proximate cause of Defendants' actions alleged herein, Cipriani has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Cipriani alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Cipriani's copyright in the Photograph. Accordingly, Cipriani is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' continuing infringing conduct.

### FIFTH CAUSE OF ACTION:
### UNJUST ENRICHMENT

71. Paragraphs 1 through 70 are incorporated by reference as though fully set forth at length herein.

72. By their actions, Defendants were unjustly enriched through their unauthorized and unlicensed use of the Photograph.

73. Defendants had an appreciation and knowledge of the benefits they were deriving from their unauthorized and unlicensed use of the Photograph.

74. Rendition by the Defendants of the profits they derived from their unauthorized and unlicensed use of the Photograph would be inequitable.

75. As a direct and proximate result of Defendants' acts Cipriani has suffered damages is entitled to recover his damages attributable to Defendants' unauthorized and unlicensed use of the Photograph in an amount to be determined at trial.

76. As a direct and proximate cause of Defendants' actions alleged herein, Cipriani has sustained, and will continue to sustain, substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Cipriani alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Cipriani's copyright in the Photograph. Accordingly, Cipriani is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' continuing infringing conduct.

WHEREFORE, Cipriani demands judgment in his favor and against Defendants and each of them, jointly and severally, as follows:

1. For a preliminary and permanent injunction prohibiting Defendants from copying, displaying, distributing, advertising, promoting, and/or selling the Photograph, and requiring Defendants to immediately cease and desist use of the Photograph in the Infringing Video, in other media described herein, and any other uses as yet unknown to Cipriani.

     2.     For damages in such amount as may be found or as otherwise permitted by law;

     3.     For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringement of Cipriani's copyright in the Photograph;

     4.     For Cipriani's attorneys' fees, costs, and disbursements in this action;

     5.     For prejudgment interest; and

     6.     For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Cipriani demands a trial by jury in this action of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York  
       July 10, 2015

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Plaintiff

By: _/s/ John T. Lillis_  
John T. Lillis, Jr.  
75 Maiden Lane – Suite 402  
New York, New York 10038-4816  
Telephone: 212-430-0800